```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CLEAN AIR COUNCIL and all             :
similarly situated individuals,
      Plaintiffs            :

      vs.                   :    CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,           :
DAVID WU,
EDGE LLC, and                         :
DAVID STEIN,
      Defendants            :


*M E M O R A N D U M*

I.   *Introduction.*

        Plaintiff, Clean Air Council (CAC), filed this suit in the Court of Common Pleas of Dauphin County, Pennsylvania, against defendants, Dragon International Group, David Wu, Edge LLC, and David Stein.  The state-court amended complaint alleges that Wu is a principal in control of Dragon, Stein is a principal in control of Edge and all four defendants are alleged to have caused two unsolicited faxes to be sent to CAC's fax machine.

        CAC makes six claims, three under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, two under state law for conversion and trespass to chattels, and one against defendant Wu to pierce the corporate veil.  Plaintiff wants this case to proceed as a class action, so it seeks damages on behalf of itself and "all similarly situated individuals."

        Defendants removed the action to this court, asserting that we have diversity jurisdiction under the Class Action

Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), diversity jurisdiction under 28 U.S.C. § 1332(a) and federal-question jurisdiction under 28 U.S.C. § 1331.

We are considering Plaintiff's motion to remand.  The motion argues that we have no federal-question jurisdiction because the TCPA places exclusive jurisdiction of private TCPA claims in state court; we have no class-action diversity jurisdiction under CAFA because Defendants have failed to show that the amount in controversy exceeds $5 million, as required by section 1332(d); and we have no section 1332(a) diversity jurisdiction because CAC's damages do not exceed $75,000.

II.   *Background*.

The amended complaint alleges the following.  CAC is a non-profit organization with offices in Harrisburg, Pennsylvania. (Am. Compl. ¶ 1.)  Defendant Dragon is a corporation with a mailing address in Las Vegas, Nevada, (*id.*, ¶ 2), and defendant Wu is a principal in Dragon with control over it.  (*Id.*, ¶ 2.) Defendant Edge LLC is a corporation with a mailing address in Boca Raton, Florida, (*id.*, ¶ 4) and defendant Stein is a principal in control Of Edge.  (*Id.*, ¶ 5.)

The notice of removal supplies the information that CAC's principal place of business is in Harrisburg, Pennsylvania (Notice of Removal, ¶ 1); that Dragon is incorporated in the state of Nevada with its principal place of business in the People's

2

Republic of China (*id.*, ¶ 2); that Wu is a resident and citizen of the People's Republic of China (*id.*, ¶ 3); that defendant Edge is incorporated in the state of Florida and has its principal place of business in the state of Florida (*id.*, ¶ 4); and that Stein is a resident and citizen of the state of Florida. (*Id.*, ¶ 5.)

The amended complaint alleges that the defendants caused two faxes to be sent to CAC's fax machine on or about April 11, 2005, and May 2, 2005, that advertised Dragon's stock. CAC had not consented to receive the faxes, and neither fax had complete information at its top or bottom to identify the sender, as required by law. (Am. Compl. ¶¶ 9-15.)

The first five counts name all the defendants and seek to represent a class of "All Similarly Situated Individuals." In count I, Plaintiff makes a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(C), which makes it illegal to send unsolicited faxes. As authorized by section 227(b)(3)(B), this count seeks statutory damages of $500 for each unsolicited fax sent. In count II, Plaintiff makes a TCPA claim for a violation of 47 U.S.C. § 227(d)(1)(B), which makes it illegal not to include the originator's identifying information on a fax. Plaintiff alleges that it incurred costs of $350 to identify the sending parties and seeks this amount as additional damages for each unsolicited fax. In count III, Plaintiff alleges the violations of the TCPA were willful and knowing and seeks statutory damages for such a violation of the TCPA under section 227(b)(3) of three times the

$500 statutory damages for a total of $1,500 for each violation. In count IV, Plaintiff makes a state-law claim for conversion of its electricity, ink, paper and other resources for the unsolicited faxes and seeks damages in the amount of three dollars for each violation.  In count V, Plaintiff makes a state-law claim for trespass to chattels for preventing Plaintiff from using its telephone lines and fax machine while the unsolicited faxes were being transmitted and for using Plaintiff's electrical power, paper and ink.  It seeks three dollars in damages for each violation.  In count VI, Plaintiff seeks to represent a class against defendant Wu alone and seeks to impose liability on Wu individually by piercing the corporate veil.

      The amended complaint makes certain class-action allegations.  In pertinent part, Plaintiff identifies the class as "all persons who received the same or similar fax as Plaintiff without providing the DEFENDANTS the specific authorization to send the same."  (Am. Compl. ¶ 58.)  Plaintiff alleges that:

> Such solicitations are sent to tens of
> thousands of recipients.  Therefore, the
> number of those similarly situated as
> Plaintiff, who received the fax sent by
> DEFENDANTS without specifically requesting the
> same or authorizing that the same be sent,
> will be so numerous that the joinder of all
> members is impracticable.

(*Id.*, ¶ 59.)  In the ad damnum clause at the end of the amended complaint, Plaintiff requests that each member of the class receive $1,856 in damages for each fax sent to that class member.

4

III.  *Discussion.*

    A.  *Jurisdiction Is Established Under*
       *the Class Action Fairness Act of 2005.*

Under 28 U.S.C. § 1441(a), a defendant may remove an action from state court to a federal court that has original jurisdiction over the action.  Defendants assert we have diversity jurisdiction under CAFA and that removal was thus proper.  In pertinent part, as codified in section 1332(d)(2), CAFA provides that:

> **(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> **(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Additionally, under section 1332(d)(6), "the claims of the individual class members [are] aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  Further, an action is a class action for the purposes of CAFA if, in pertinent part, it is brought under Fed. R. Civ. P. 23 "or similar State statute or rule

5

of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Finally, the action need not have been certified as a class action before it is removed. *See* 28 U.S.C. § 1332(d)(8).

Defendants argue that removal was proper because Plaintiff's action satisfies CAFA's requirements. First, the allegations of the complaint support an aggregated amount in controversy of at least $37,060,000, well in excess of the $5-million threshold CAFA requires. Defendants reach this figure by relying on Plaintiff's allegation that the unsolicited faxes were "sent to tens of thousands of recipients," recipients who would be part of the class, and Plaintiff's request that each class member be awarded $1,853.[1] Using a conservative estimate of 20,000, Defendants multiply that number of potential class members by $1,853 to reach the $37 million amount.

Second, there is no dispute that this is a class action as defined in section 1332(d)(1)(B). Third, the citizenship requirements of subsection (d)(2)(A) and (d)(2)(C) are satisfied, either one of which would establish jurisdiction under CAFA. Subsection (d)(2)(A) is satisfied because CAC, a member of the plaintiff class, is a citizen of Pennsylvania, a state different

---

[1] As Defendants note, Plaintiff asks for $1,856 for each class member but that appears to be the result of mistakenly double-counting the three dollars in damages sought on the state-law claims. In any event, the discrepancy is not important to the analysis.

from the state of citizenship of all four defendants.  As noted in the notice of removal,[2] Dragon is incorporated in the state of Nevada with its principal place of business in the People's Republic of China, Edge is incorporated and has its principal place of business in Florida,[3] Wu is a citizen of the People's Republic of China, and Stein is a citizen of Florida.  Subsection (d)(2)(C) is satisfied because at least one member of the class, CAC, is a citizen of a state, Pennsylvania, and two of the defendants, Dragon and Wu, are citizens of a foreign state, the People's Republic of China.[4]

In opposing CAFA jurisdiction, Plaintiff concentrates solely on the amount in controversy, arguing that Defendants have not met their burden of showing that it exceeds $5 million. Plaintiff maintains that the allegation of its complaint that tens of thousands received the unsolicited faxes is not the same as

---

[2] We may look to the notice of removal as well as to the complaint to determine jurisdiction.  *Caciolo v. Am. Aluminum & Insulation Co. of Bethlehem, Inc.*, 2004 WL 1102811 at *2 (E.D. Pa.).  *See also Levy v. Weissman*, 671 F.2d 766, 767 n.1 (3d Cir. 1982).  In any event, Plaintiff does not dispute Defendants' citizenship averments.

[3] CAFA provides that for the purposes of removal and of the district court's original jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

[4] We reject Defendants' reliance on subsection (d)(2)(B), finding it purely speculative that the putative class contains a member that is a foreign state or a citizen of a foreign state.

7

saying that there are 20,000 in the class and does not establish the size of the class, which must await discovery.

We disagree with Plaintiff's argument. Defendants removed the case here, so as the parties asserting jurisdiction, they have the burden of establishing it. *See Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001). Determining the amount in controversy begins with the complaint. *Samuel-Bassett v. KIA Motors Am. Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Here, contrary to Plaintiff's argument, Defendants meet their burden by way of the allegation about tens of thousands receiving the unsolicited faxes. This allegation easily supports the inference of a class size of 20,000, which in turn indicates damages of $37 million, well in excess of the $5 million statutory threshold. Because facts are not in dispute here, *id.* at 398, we apply the legal certainty standard. The amount in controversy is measured as of the date of removal, and only if it appears to a legal certainty that Plaintiff cannot recover the minimum amount should we remand. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. V. Allapattah Services, Inc.*, ___ U.S. ___, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Upon the facts alleged by Plaintiff, it is not a legal certainty that the class cannot recover the necessary amount for jurisdictional purposes. Hence, we find jurisdiction here under CAFA.

> B.  *Federal-Question Jurisdiction Under*
>     *28 U.S.C. § 1331.*

The forgoing conclusion means that we need not address Defendants' argument that we have federal-question jurisdiction. That argument is based on *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), where the Seventh Circuit held that there was such jurisdiction for private TCPA claims. Before *Brill*, the courts of appeals had decided that 47 U.S.C. § 227(b)(3) conferred exclusive jurisdiction on state courts to entertain private actions for violations of the TCPA and that federal district courts had no federal-question jurisdiction over such cases. The Third Circuit is among this group. *See ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998)(collecting cases).[5]

We need not address this argument because CAFA provides an independent basis for jurisdiction. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 339 (2d Cir. 2006)(recognizing that even though federal courts do not have federal-question jurisdiction over TCPA claims, they can exercise diversity jurisdiction over them); *see also Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 55 (D.D.C. 2003)(TCPA claims can be removed on basis of

---

[5]  Section 227(b)(3) authorizes a person or entity "if otherwise permitted by the laws or rules of court of a State," to sue for a violation of the TCPA "in an appropriate court of that State" for statutory damages and an injunction against further violations.

diversity even though a federal court may not have federal-question jurisdiction).[6]

    C.  *Diversity Jurisdiction Under 28 U.S.C. § 1332(a).*

We reject Defendants' position that there is diversity jurisdiction here under section 1332(a). Aside from the requirement of diversity of citizenship (which we need not address), section 1332(a) requires that the "matter in controversy" exceed $75,000 before a federal district court has jurisdiction over an action. Defendants seek to meet this requirement by arguing that an unnamed class member, perhaps a large corporation, would have enough fax machines receiving the unsolicited faxes that the damages that entity could claim would exceed $75,000.

Putting aside the purely speculative nature of this unknown entity's damages, we note the main difficulty with Defendants' position is that for diversity jurisdiction under section 1332(a), the claims of unnamed class members cannot be used to establish the jurisdictional amount. *See Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003); *Gibson v.*

---

[6] However, we do note our disagreement with Defendants' argument, based on the Seventh Circuit's statement in *Brill*, 427 F.3d at 450, that *ErieNet* and cases like it do not survive *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), or *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). *See also Brodeur v. Swan Fin. Corp.*, 2006 WL 950208 at *4 (E.D. Mo.).

*Chrysler Corp.*, 261 F.3d 927, 940-41 (9th Cir. 2001); *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F. Supp. 947, 961 (D. Del. 1997). *See also Exxon Mobil, supra*, ___ U.S. at ___, 125 S.Ct. at 2616, 162 L.Ed.2d at 515 (pendent jurisdiction under 28 U.S.C. § 1367 may be asserted in a section 1332(a) diversity case for claims of plaintiffs who do not meet the relevant jurisdictional amount as long as at least one named plaintiff does have a claim that satisfies the jurisdictional threshold). Here, the only named plaintiff is CAC and its damages are at most $3,712 for the two faxes it received, well below the $75,000 threshold. Diversity jurisdiction is therefore lacking under section 1332(a).

IV.   *Conclusion*.

We will deny the motion to remand because we have class-action diversity jurisdiction under 28 U.S.C. § 1332(d). As part of its motion, CAC sought attorney's fees under 28 U.S.C. § 1447(c) on the ground there was no reasonable basis for removal. Since removal was proper, the request for attorney's fees is denied.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: July 28, 2006

11

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CLEAN AIR COUNCIL and all         :
similarly situated individuals,
      Plaintiffs                :

      vs.                       :   CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,       :
DAVID WU,
EDGE LLC, and                     :
DAVID STEIN,
      Defendants                :

### *O R D E R*

AND NOW, this 28th day of July, 2006, it is ordered that Plaintiff's motion (doc. 9) to remand and for attorney's fees is denied.

                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge