IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLEAN AIR COUNCIL and all          :
similarly situated individuals,
      Plaintiffs                 :

      vs.                        :    CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,        :
DAVID WU,
EDGE LLC, and                      :
DAVID STEIN,
      Defendants                 :


*M E M O R A N D U M*

I.    *Introduction*.

      Plaintiff, Clean Air Council (CAC), deposed defendant, David Stein. Upon advice of counsel, Stein did not answer certain questions on the bases of the attorney-client privilege and lack of relevance. CAC has filed a motion to compel Stein to answer the questions, asserting that the objections have no merit. In the alternative, it seeks an extension of the discovery period so that it can take the deposition of a corporate designee of another defendant, Dragon International Group.

II.   *Background*.

      In December 2005, Plaintiff initiated this action in the Court of Common Pleas of Dauphin County, Pennsylvania. On February 7, 2006, an amended complaint was filed against defendants, Dragon International Group, David Wu, Edge LLC, and

David Stein. All four defendants are alleged to have caused two unsolicited faxes to be sent to CAC's fax machine. CAC makes claims under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, and under state law for conversion and trespass to chattels.

Defendants removed the action to this court. Plaintiff moved to remand, but we determined we had jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). On November 7, 2006, we issued a case-management order setting a deadline of February 28, 2007, for discovery. As the court recollects, this would preliminarily be a first phase of discovery foe the deposition of Stein to find out whether any of the defendants were responsible for sending the faxes.

On December 15, 2006, Stein's deposition took place. In relevant part, he testified that he was the chief operating officer for China Direct, Inc. and that defendant Dragon is a client of China Direct. Dragon asked China Direct to handle this litigation. Andrew Telsey is a lawyer for Dragon working on this case, and Dragon instructed China Direct to work with him on the matter.

Plaintiff's counsel asked Stein several questions about his contacts with Telsey. (Doc. 27-3, pp. 10, 16). His lawyer objected on the basis of the attorney-client privilege and instructed Stein not to answer.

Plaintiff's counsel also asked Stein his residential address and to identify a Chinese company that would have sought consulting services from China Direct. On the basis of relevance, Stein's counsel instructed him not to answer the question about his residential address and to answer the question about Chinese companies only as to companies that were defendants in the litigation. (Doc. 27-3, p. 5).

Finally, counsel asked Stein about his contacts with defendant Edge. Stein said he visited Edge's offices about ten to fifteen times and that one purpose in doing so was to give them a bottle of water and sometimes to discuss potential clients. (*Id.,* p. 19-21).

Plaintiff filed its motion to compel on February 28, 2007.

III. *Discussion*.

Plaintiff argues that Stein cannot invoke attorney-client privilege for any communications between Telsey and Stein because: (1) Telsey was not Stein's lawyer; (2) Telsey has not acted as a lawyer in regard to this case (apparently, meaning that Telsey has not entered his appearance in this action); (3) any privilege was waived because Telsey talked with Stein, who is not a lawyer and not supervised by a lawyer.

We disagree. As Defendants point out, Stein was Dragon's agent for handling this litigation so communications

between Telsey and Stein about the litigation is privileged. *See Safeguard Lighting Systems, Inc. v. North Am. Specialty Ins. Co.*, 2004 WL 3037947 at *2 (E.D. Pa.)(communications between counsel for a party and agent of the party is protected by the attorney-client privilege).

Plaintiff also argues that Stein had to answer the questions about his residential address and his business dealings with Chinese companies because "[q]uestions about a witness's residence and general business activity are directly relevant to the witness's character as well as to the principal issue in this case, which is the connection, if any, between the defendants and the advertising campaign which resulted in the unsolicited facsimile transmissions the Plaintiff is complaining about." (Doc. 28, Pl.'s Br. at pp. 5-6). We disagree. A witnesses's character cannot be proven by where he lives or his general business activities. And the issue in this case is whether the defendants caused the unsolicited faxes to be sent to Plaintiff, which is not answered by information about a defendant's general business activities.

Plaintiff also complains about Stein's responses to the questions about defendant Edge. The answer about a water bottle seems a bit sarcastic, but the following pages indicate that Stein did answer all the questions Plaintiff's counsel had about Edge, and counsel moved on to other areas.

Finally, in the alternative, Plaintiff has requested a forty-five-day extension of time so that it can depose a Fed. R. Civ. P. 30(b)(6) corporate designee of Dragon. Defendants oppose this request, asserting that Plaintiff could have conducted this discovery during the discovery period. We will grant this request because the original discovery period was for Stein's deposition. In any event, we believe an extension is proper, and we will therefore extend the discovery period for another ninety days so that Plaintiff can depose a corporate designee of Dragon and conduct other appropriate discovery.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLEAN AIR COUNCIL and all                :
similarly situated individuals,
      Plaintiffs              :

      vs.                     :   CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,              :
DAVID WU,
EDGE LLC, and                            :
DAVID STEIN,
      Defendants              :

*O R D E R*

AND NOW, this 16th day of April, 2007, it is ordered that:

    1.  Plaintiff's motion (doc. 27) to compel defendant Stein to answer certain deposition questions is denied.

    2.  The discovery period is extended for ninety days from the date of this order so that Plaintiff can depose a corporate designee of Dragon and conduct other appropriate discovery.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge