```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CLEAN AIR COUNCIL and all        :
similarly situated individuals,
          Plaintiffs             :

          vs.                    :   CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,      :
DAVID WU,
EDGE LLC, and                    :
DAVID STEIN,
          Defendants             :
```

*M E M O R A N D U M*

Under Fed. R. Civ. P. 30(b)(6), plaintiff, Clean Air Council, noticed the deposition of a corporate designee of defendant, Dragon International Group, to take place in Lebanon, Pennsylvania. In line with our decision to limit initial discovery to service-of-process and jurisdictional issues, the notice sought a corporate designee who could address those issues. Under Fed. R. Civ. P. 30(b)(1), Plaintiff has also noticed the deposition of defendant, David Wu, Dragon's president, to take place in Lebanon, Pennsylvania.

Dragon and Wu have each filed a motion for a protective order under Fed. R. Civ. P. 26(c). Dragon argues that because its principal place of business is in Ningbo, China, we should preclude the taking of the deposition anywhere in the United States and that if the deposition does takes place in China, we should require that it occur at its principal place of business. Defendant adds that a deposition may be impossible in the United

States because of "visa-related issues," (doc. 46, Mot. ¶ 17), and, equally vaguely, that a deposition in this country would be "costly, inconvenient and inefficient." (*Id.* ¶ 18.) In the alternative, Defendant suggests that Plaintiff use interrogatories.

Defendant Wu similarly argues that a deposition in the United States is improper because he lives and works in China and the deposition of a corporate officer should take place at the corporation's principal place of business. He also requests that his deposition take place in China and not anywhere in the United States.

As Defendant Dragon points out, "[d]epositions of a corporation through its agents generally should be taken at the corporation's principal place of business." *Triple Crown Am., Inc. v. Biosynth AG*, 1998 WL 227886, at *3 (E.D. Pa.)(citing cases). "In circumstances where justice requires, however, the court may order that such depositions be taken at another location." *Id.* In other words, "the rule is not inflexible and is subject to modification." *Bro-Tech Corp. V. Thermax, Inc.*, No. 05-2330, 2006 WL 3337496, at *2 (E.D. Pa. Nov. 16, 2006). Reasons for not adhering to the general rule include: financial hardship to the corporation, including travel expense or disruption of its business, *Socodis-Bocchi Trading, Inc. v. M/V Humboldt Rex*, 1992 WL 142030, at *3 (E.D. Pa.); "the need to have the court readily available to exercise its authority to resolve discovery disputes"

given a history in the litigation of difficult depositions; and "the convenience to counsel of conducting the deposition away from the corporation's principal place of business," *Bro-Tech Corp.*, *supra*, 2006 WL 3337496, at *2, for example, where both counsel practice in the same city, although this reason is less important than hardship to the parties. *Socodis-Bocchi Trading, Inc.*, *supra*, 1992 WL 142030, at *3. Other factors may be considered, *see Tailift USA, Inc. v. Tailift Co.*, No. 3:03-CV-196-M, 2004 WL 722244, at *2 (N.D. Tex. Mar. 26,2004), but "[u]ltimately, the Court must consider each case on its own facts and the equities of the particular situation." *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988).

In opposing Dragon's motion, Plaintiff relies on matters that are irrelevant to the issue or unsubstantiated. Plaintiff asserts: (1) Dragon is incorporated in Nevada (Dragon Nevada); (2) Dragon operates in the United States in two ways: (a) through Dragon Florida and (b) through United States corporations that operate on its behalf, including China Direct Investments, Inc.; (3) defendant Wu is the CEO of Dragon Nevada and Dragon Florida with a registered address for service upon him in Boca Raton, Florida.

Plaintiff thus argues the deposition of the corporate designee should take place in Lebanon because: (1) a United States corporation that removed a case to federal court should not insist that a deposition take place outside the United States; (2) the

general rule that a corporation should be deposed at its principal place of business should not apply to an American company trying to avoid liability by hiding in China; and (3) Dragon's cases are inapposite because they deal with attempts to drag foreign companies into the United States and here Dragon is a United States corporation. Plaintiff adds that Wu has a presence in the United States because of his registered Florida address. Finally, Plaintiff asserts that defendant Dragon ignored a compromise Plaintiff offered that wold have allowed a deposition at the American consulate or embassy in China closest to Dragon's principal place of business.

We agree with Dragon that these arguments are irrelevant to the issue we must address and that at least one is wrong, that Wu is present in the United States simply because he has a registered address in Florida for service of process. But because Plaintiff has opposed the motion for protective order by Wu with arguments that are relevant to the issues presented by the Dragon motion, we will address both motions with those arguments.

Like a corporation, the deposition of a corporate officer should be taken at the corporation's principal place of business. *See Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991). Plaintiff argues that Wu's deposition should take place in Lebanon, citing some of the factors listed above as an exception to the general rule. First, Defendants mention no hardship for them if the depositions take place in Lebanon.

Second, both counsel are located in Pennsylvania. Third, the discovery disputes in this case indicate that one party may need the court's intervention during the depositions. Fourth, in the case of Wu's deposition, he is the only one being deposed while two counsel would have to travel if the deposition takes place in China. Fifth, Plaintiff has offered to take the depositions at the American consulate in Shanghai, China, or another suitable location in China, but Defendants have ignored or rejected this suggestion.[1] Plaintiff thus request that depositions take place either in Lebanon or some mutually agreeable place.

We do not rule out depositions entirely, but at this point Plaintiff should pursue written interrogatories. *See Oxford Indus., Inc. v. Luminco, Inc.*, 1990 WL 181488, at *2 (E.D. Pa.); *Moretti v. Herman's Sporting Goods, Inc.*, 1988 WL 122299, at *2 (E.D. Pa.). Our tentativeness in allowing depositions, certainly depositions requiring individuals to travel thousands of miles, is based on our belief that the merits of Plaintiff's claims, as against these defendants, is tenuous, if not bordering on the nonexistent, a factor we think we can take into account based "on the equities of the particular situation." *Turner*, *supra*, 119 F.R.D. at 383.

Plaintiff initiated this action in state court. In its state-court amended complaint, it sued Dragon International Group,

---

[1] Plaintiff notes, however, that under Chinese law it may not be possible to compel a deposition in China and that letters rogatory may be necessary if Defendants, as it puts it, "continue to stonewall." (Doc. 56, p. 4 n.7).

5

David Wu, Edge LLC, and David Stein. All four defendants were alleged to have caused two unsolicited faxes, promoting Dragon's stock, to be sent to CAC's fax machine. CAC made claims under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and under state law for conversion and trespass to chattels.

However, Plaintiff has admitted in discovery that the faxes were probably sent as part of a "pump and dump" scheme, meaning that someone who owned the stock could have sent the faxes as equally as Dragon or those who are in some way affiliated with, or working for, it. (Doc. 33, Ex. A, p. 2). Further, it conducted no pre-complaint discovery on its own, and its counsel's discovery has been vaguely described as "using internet searches and phone calls to identify the additional parties to the action." (*Id.* pp. 4-6). Finally, Plaintiff has identified its theories of liability as "constructive agency" and res ipsa loquitur since, in its view, the "faxes speak for themselves." (*Id.* p. 6.)

In these circumstances, discovery should proceed at this point in ways other than depositions in the United States of Dragon's corporate designee and Wu, its president. We will direct that written interrogatories be used but, perhaps, Dragon and Wu would agree to a telephonic video deposition. In any event, Plaintiff's position on discovery would be strengthened if it could establish some reasonable basis for having sued these defendants. Even the Pennsylvania courts, where this litigation originated, requires probable cause before allowing discovery. *See*

6

*McNeil v. Jordan*, 586 Pa. 413, 894 A.2d 1260 (2006)(plaintiff must have probable cause to believe there is a cause of action against defendant before pre-complaint discovery can be allowed).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
CLEAN AIR COUNCIL and all        :
similarly situated individuals,
         Plaintiffs               :

         vs.                      :    CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,       :
DAVID WU,
EDGE LLC, and                     :
DAVID STEIN,
         Defendants               :
```

*O R D E R*

AND NOW this 5th day of December, 2007, it is ordered that:

    1. The motion (doc. 46) for a protective order of defendant, Dragon International Group, is granted insofar as no corporate designee need be produced for deposition at this time, pending the outcome of written interrogatories.

    2. Plaintiff's motion (doc. 51) to strike or deny Dragon's motion (doc. 46) and for award of fees, costs and sanctions is denied.

    3. The motion (doc. 54) for a protective order of defendant, David Wu, president of Dragon, is granted insofar as he need not appear for deposition at this time, pending the outcome of written interrogatories.

    4. Plaintiff shall proceed by written interrogatories before the court again considers depositions of Dragon's corporate designee or defendant Wu.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge