```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CLEAN AIR COUNCIL and all       :
similarly situated individuals,
         Plaintiffs              :

         vs.                     :    CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,     :
DAVID WU,
EDGE LLC, and                   :
DAVID STEIN,
         Defendants              :
```

*M E M O R A N D U M*

I.   *Introduction*

We are considering the defendants' motion for judgment on the pleadings and/or for summary judgment. The motion argues defective service of process on all the defendants and lack of personal jurisdiction. We think that there was defective service but will grant the motion for summary judgment based on a lack of personal jurisdiction.

II.  *Background*

In September 2005, plaintiff, Clean Air Council (CAC), filed a complaint before a Pennsylvania Magisterial District Judge against defendants, Dragon International Group Corp. and David Wu, Dragon's president, alleging they sent two unsolicited faxes to CAC's fax machine in violation of the Telephone Consumer Protection Act of 1991 (TCPA). *See* 47 U.S.C. § 227. In November 2005, the district judge dismissed the complaint

without prejudice. In December 2006, Plaintiff filed a notice of appeal in the Court of Common Pleas of Dauphin County, Pennsylvania, and on December 27, 2006, Plaintiff filed its original complaint. On February 7, 2006, Plaintiff filed an amended complaint adding two defendants, Edge LLC, and David Stein. The amended complaint sought class-action status and alleged that all four defendants caused the improper transmission of the two faxes in violation of the TCPA. The amended complaint also set forth claims under state law for conversion and trespass to chattels.

On February 27, 2006, Defendants removed the action to this court. Plaintiff moved to remand, but we determined we had jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). *Clean Air Council v. Dragon Int'l Group*, 2006 WL 2136246 (M.D. Pa. July 28, 2006). On November 7, 2006, a case-management conference was held. As the court recollects, Plaintiff's counsel admitted at the conference that Plaintiff did not know if any of the defendants was responsible for sending the faxes, and the court decided to permit the deposition of Stein as a first phase of discovery to see if any of the defendants were responsible.

Stein's deposition took place on December 15, 2006. Plaintiff was unhappy with the results and filed a motion to

compel him to attend another deposition.[1] By memorandum and order of April 16, 2007, we denied the motion but allowed another ninety-day period for discovery, noting that "the original discovery period was for Stein's deposition." (Doc. 30, p. 5). We permitted the deposition of a corporate designee of Dragon and "other appropriate discovery." (*Id.*).

In pertinent part, Plaintiff thereafter noticed the deposition of a corporate designee of defendant Edge. Edge filed a motion for a protective order, and on July 10, 2007, we granted that motion, prohibiting a deposition of an Edge representative at that time. Our order also included the following:

> At the discovery conference, the court directed that discovery would occur in stages. The Defendants initially raised the issue of this court's jurisdiction over them, and whether they were properly served. In the interest of economy for the parties and to preserve judicial resources, discovery limited to these questions is the only discovery that is appropriate until jurisdiction and service are established.

(Doc. 45, July 10 order ¶ 3).

Thereafter, Plaintiff sought to depose a corporate designee of Dragon and of defendant Wu, who lives and works in China. Both depositions were to take place in Lebanon, Pennsylvania. Upon the filing of motions for protective orders,

---

[1] In relevant part, Stein testified that he was the chief operating officer for a company named China Direct, Inc., that Dragon was a client of China Direct, and that Dragon had asked China Direct to handle this litigation. The deposition revealed no information about whether any of the defendants sent the faxes.

we refused to require either Wu or a Dragon corporate designee to appear in the United States, "pending the outcome of written interrogatories." (Doc. 57, Dec. 5, 2007, order).

At the request of the court, on March 3, 2008, Plaintiff filed a status report. In the report, Plaintiff suggested that, since discovery was currently limited to issues of service of process and personal jurisdiction, Defendants be given a deadline for filing a motion to resolve those issues. On March 25, 2008, the court ordered the defendants to file a motion raising those defenses and granted the parties ninety days to conduct discovery on them and then brief the issues. The parties have complied and  Defendant's motion is before the court for disposition.

III.  *Discussion*

We have examined Defendants' motion under the well-established standard for deciding summary judgment motions, *see Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 293 (3d Cir. 2008), and after review of the record conclude that we lack personal jurisdiction over the defendants.

Personal jurisdiction can be either general or specific. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404

(1984). Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state. *See id.* at 414-15 & n. 8, 104 S.Ct. 1868." *Kehm Oil Co.*, *supra*, 537 F.3d at 300.

The record establishes neither general nor specific jurisdiction over any of the defendants. As the defendants point out, and Plaintiff does not dispute, none of the defendants have systematic and continuous contacts with Pennsylvania to establish general jurisdiction. None of the defendants transact any business in Pennsylvania; contract to buy or sell any service or product from any person or entity located in the state; ship goods into, out of, or through Pennsylvania; market, advertise or sell any products or services to person or entities located in the state; live in the state or have their business in the state; or own property in Pennsylvania.

As for specific jurisdiction, Plaintiff concedes that it has no evidence that any of the defendants purposely directed any fax into Pennsylvania, but argues by way of counsel's Fed. R. Civ. P. 56(f) affidavit that we should permit such discovery, especially in light of the fact that we limited discovery at this stage of the litigation to the issues of service of process and personal jurisdiction. Plaintiff points out that discovery on the merits would have also established specific jurisdiction since showing that any of the defendants sent the faxes to

Plaintiff's Harrisburg office would have established conduct purposely directed at Pennsylvania.

We cannot agree with Plaintiff, given that it filed this lawsuit without knowing if any of the defendants were responsible for the fax transmissions. As we noted in our memorandum of December 5, 2007:

> However, Plaintiff has admitted in discovery that the faxes were probably sent as part of a "pump and dump" scheme, meaning that someone who owned the stock could have sent the faxes as equally as Dragon or those who are in some way affiliated with, or working for, it. (Doc. 33, Ex. A, p. 2). Further, it conducted no pre-complaint discovery on its own, and its counsel's discovery has been vaguely described as "using internet searches and phone calls to identify the additional parties to the action." (*Id.* pp. 4-6). Finally, Plaintiff has identified its theories of liability as "constructive agency" and res ipse loquitur since, in its view, the "faxes speak for themselves." (*Id.* p. 6.)

(Doc. 57, p. 6).

This case began in state court but both the federal and state courts require "an inquiry reasonable under the circumstances" before a complaint is filed and that an attorney recognize that his signature on the pleading means that he is certifying that "the factual allegations have evidentiary support." *See* Pa. R. Civ. P. 1023.1(c)(3); Fed. R. Civ. P. 11(b)(3). The federal courts prohibit the filing of a lawsuit to conduct a fishing expedition. *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006). At the time Plaintiff

6

filed its original complaint in state court, Pennsylvania law was essentially in accord. *See McNeil v. Jordan*, 586 Pa. 413, 438, 894 A.2d 1260, 1275 (2006)(allowing pre-complaint discovery only if a plaintiff could "show probable cause to believe that [such] discovery [was] necessary to the formation of a legally sufficient complaint").[2] Plaintiff here made no attempt to conduct its own reasonable investigation before filing suit or indicate why such an investigation was not possible. Instead, it has improperly proceeded as if the mere filing of a lawsuit authorizes discovery against the defendants to see if a cause of action exists.

We will issue an appropriate order.[3]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 30, 2008

---

[2] In Pennsylvania, pre-complaint discovery is now governed by Pa. R. Civ. P. 4003.8.

[3] We reject Plaintiff's contention (doc. 66-2, ¶ 13), that it has enough evidence now that Dragon or one of its agents caused the faxes to be sent.

7

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CLEAN AIR COUNCIL and all         :
similarly situated individuals,
         Plaintiffs                :

         vs.                       :    CIVIL NO. 1:CV-06-0430

DRAGON INTERNATIONAL GROUP,        :
DAVID WU,
EDGE LLC, and                      :
DAVID STEIN,
         Defendants                :
```

*O R D E R*

AND NOW, this 30th day of September, 2008, it is ordered that:

    1. Defendants' motion (doc. 61) for summary judgment is granted.

    2. Plaintiff's motion (doc. 18) for class certification is dismissed as moot.

    3. The Clerk of Court shall enter judgment in favor of the defendants and against Plaintiff and close this file.


                                                             /s/William W. Caldwell
                                                             William W. Caldwell
                                                             United States District Judge